UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **DECORA L. MARTIN,**<br><br>　　Plaintiff,<br><br>　　v.<br><br>**BAYER HEALTHCARE PHARMACEUTICALS INC., BAYER PHARMA AG, and BAYER OY,**<br><br>　　Defendants. | **CASE No. 3:14-cv-00398-TBR** |

**DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS CERTAIN PORTIONS OF PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

Pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6), Defendant Bayer HealthCare Pharmaceuticals Inc. ("Bayer") submits this Reply in Support of Its Motion to Dismiss Certain Portions of Plaintiff's Amended Complaint ("Complaint") for failure to state a claim upon which relief can be granted.

**I.      INTRODUCTION**

Plaintiff's Opposition (ECF No. 38) fails to cure the Complaint's defects such to survive Bayer's challenge under Rule 12(b)(6), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The Court recently explained in *Babich-Zacharias v. Bayer HealthCare Pharms. Inc.*, No. 5:14-CV-00101-TBR, 2015 WL 711057 (W.D. Ky. Feb. 18, 2015), that a similarly pled complaint did "not satisfy the legal prerequisites of several of [the] nine claims. These deficiencies raise particular concern in the context of her fraud-based claims, which fall far short of the detail required by Sixth Circuit precedent." *Id.* at *3. Here, likewise, Plaintiff's negligence, design-defect, and fraud-based claims lack the factual allegations necessary to state a plausible claim for relief. They should be dismissed. Moreover,

even if privity of contract does not preclude the express warranty claim, this claim has not been sufficiently pled.  Finally, negligent misrepresentation claims do not apply to personal injury suits.  This cause of action cannot be maintained as a matter of law.[1]

## II.     ARGUMENT

### A.     Plaintiff's Negligence, Design-Defect, and Fraud-Based Claims Are Insufficiently Pled under Rules 8(a) and 9(b).

Plaintiff's Opposition cannot cure her defective pleading.  Her negligence, design-defect, and fraud-based claims are not plausible and should be dismissed.[2]

#### i.     Plaintiff Fails to State a Plausible Negligence Claim.

Plaintiff's Response cannot cure that the Complaint is devoid of any specific facts in support of Plaintiff's negligence claim, and especially those portions of the negligence claim that do not sound in failure-to-warn.  Plaintiff supports her negligence claim—and opposes Bayer's motion—by restating the Complaint's conclusory allegations.  But when the conclusory allegations and unwarranted inferences are removed from the Complaint, Plaintiff has failed to plead a plausible negligence claim.  This is because legal conclusions "are not entitled to the presumption of truth and they cannot sustain a cause of action for negligence." *Espinosa v. Louisville Metro Gov't*, No. 10-354-JBC, 2011 WL 2295055, at *1 (E.D. Ky. June 10, 2011); *see also Iqbal*, 556 U.S. at 678.  Plaintiff's negligence claim (Count I) should be dismissed.

---

[1] To the extent Plaintiff relies on the *Miller* and *Patterson* decisions, (*see* Pl.'s Opp., ECF No. 38, at 3-4), those orders addressed a global deficiency argument that Bayer did not put before the Court in its motion to dismiss, (*see Miller* and *Patterson* Orders, attached as Exhibits A & B to Pl.'s Opp. (ECF Nos. 38-1 and 38-2).)  In any event, the *Patterson* court *dismissed* the plaintiff's fraud claims in a similarly pled complaint.

[2] Plaintiff incorrectly states that Bayer did not move to dismiss the strict liability design-defect and failure-to-warn claims.  (Pl.'s Opp. at 4 n.2.)  In fact, Bayer argued that Plaintiff's "strict liability" claim (Count IV) is duplicative of her specific claims for design-defect and failure-to-warn.  (Bayer's Opening Mem., ECF No. 36-1, at 6 n.3.)  As a result, Plaintiff's strict liability claims should be dismissed.

2

451307 v1

      **ii.**      **Plaintiff Fails to State a Plausible Negligent or Strict Liability Design-Defect Claim**.

Plaintiff contends that Mirena is defective because Mirena's lone drug ingredient, levonorgestrel, caused her injury. (*See* Pl.'s Opp. at 14-16 (relying on *Naiser v. Unilever U.S., Inc.*, No. 3:13-cv-00395-JHM, 2013 WL 5460870 (W.D. Ky. Sept. 30, 2013).) But this allegation does not state a design defect claim.

First, Plaintiff's design-defect allegations as to levonorgestrel actually relate to other products altogether, Norplant and Jadelle. (*See* Amend. Compl. at ¶¶ 65-78.) Mirena is a different drug than Norplant and Jadelle, inserted into a different part of the body than Norplant and Jadelle, which releases a different amount of active ingredient at a different rate than Norplant and Jadelle. (*See id.* at ¶¶ 21, 66, 73.) Allegations that another drug causes the injuries alleged here, without more, is not enough to plausibly implicate that Mirena causes the same injuries.

Second, rather than identify a defect in Mirena's design, Plaintiff suggests that Bayer should have marketed an entirely different product—one without levonorgestrel. (*See* Amend. Compl. at ¶ 148 ("There are contraceptives on the market, including the 10-year copper IUD ParaGard®, with safer alternative designs because they do not expose patients to levonorgestrel . . . .").) An allegation that a defendant should have manufactured a different product does not state a plausible design-defect claim. *See, e.g.*, *Simon v. Smith & Nephew, Inc.*, No. Civ.1909(PAE) 13, 2013 WL 6244525, at *6 (S.D.N.Y. Dec. 3, 2013) ("[A]n allegation that Smith & Nephew could have manufactured a different product altogether, or that others have done so, does not itself make out a plausible claim of a design defect.") (applying New York law); *Brockert v. Wyeth Pharms., Inc.*, 287 S.W.3d 760, 770-71 (Tex. App.—Houston [14 Dist.] 2009) (noting that a plaintiff cannot prove a design-defect existed by saying the defendant should

have produced another product "even when the other product has the same general purpose as the allegedly defective product") (applying Texas law) (citing *Theriot v. Danek Med., Inc.*, 168 F.3d 253 (5th Cir.1999) (applying Louisiana law)); *Caterpillar, Inc. v. Shears*, 911 S.W.2d 379, 385 (Tex. 1995) (noting that a "motorcycle could be made safer by adding two additional wheels and a cab, but then it is no longer a motorcycle" and that a "convertible can be made safer by fully enclosing the cab, but then it is just an ordinary car") (applying Texas law); *Massa v. Genentech Inc.*, No. CIV.A. H-11-70, 2012 WL 956192, at *7 (S.D. Tex. Mar. 19, 2012) (dismissing design-defect claim because the plaintiff argued that the product should have different underlying compounds, *i.e.*, that it should have been a different product) (applying Texas law).

Moreover, Plaintiff implicitly concedes that her design defect claim is a failure-to-warn claim in disguise. (*See* Pl.'s Opp. at 13 (alleging in design defect section of Opposition that Bayer "failed to warn"); *see also* Amend. Compl. at ¶ 143 (alleging in design defect count that Bayer "labeled . . . marketed, advertised . . . a product that was not merchantable and/or reasonably suited to the use intended . . . .").) Plaintiff's design-defect allegations (Counts I, II, & IV) should be dismissed. *See Pruitt v. Genie Indus., Inc*., No. 3: 10–81–DCR, 2013 WL 139701, at *4 (E.D. Ky. Jan. 10, 2013) (dismissing negligence claim where there were "no factual allegations to support" the claim); *see also id.* (dismissing strict liability claim where there were no factual allegations to support the claims).

### iii. Plaintiff Fails to State Plausible Fraud-Based Claims.

Plaintiff's "fraud" allegations are also nothing more than boilerplate failure-to-warn allegations. As alleged, these allegations fail to state a plausible fraud claim. (*See* Pl.'s Opp. at 17 (alleging that Bayer failed to warn of IIH).) Although Plaintiff contends that she has

4

identified the "who, what when, where, and how" of the alleged fraud, she has not. Plaintiff has not alleged who at Bayer made any fraudulent misrepresentations, or where and how those misrepresentations were made. Though she points to Mirena's FDA-approved labeling, patient package insert, and "Bayer's direct to consumer marketing," she has failed to set forth a single statement within those materials that is false. For instance, Plaintiff alleges that Bayer falsely represented that Mirena "was safe." (Amend. Compl. at ¶ 246; *see also* Pl.'s Opp. at 17-18.) Yet, Plaintiff has not identified this statement in any of the warning and marketing materials. Nor has Plaintiff explained how any allegedly false statement caused her injuries. Indeed, Plaintiff has not even alleged that she saw any advertising or participated in the Simple Style Statements Program—a program involving only a small number of participants in the Northeastern United States. (*See* Amend. Compl. at ¶¶ 81-86.)

Courts in this District have dismissed similar fraud allegations where the plaintiff alleges that the defendant made fraudulent misrepresentations to the "world." *Jefferson Audio Visual Sys. V. Gunnar Light*, No. 3:12-CV-00019-H, 2013 WL 1947625, at *5 (W.D. Ky. May 9, 2013) (internal citation and quotation marks omitted). There, Judge Heyburn found that the plaintiff failed to, "at the very least . . . allege *some* facts indicating how it satisfies each element of a fraud claim." *Id*. at *4 (emphasis in original). Here, because Plaintiff has not identified any specific facts to support her claim that Bayer engaged in fraudulent conduct, much less fraudulent conduct that caused her injury, Plaintiff's fraud-based claims should be dismissed. *See id.* at *5 (explaining that the plaintiff "failed to assert facts that it reasonably relied on [the defendant's] misrepresentation *itself,* a clear requirement to maintain a Kentucky common law fraud claim" (emphasis in original)); *see also Babich-Zacharias*, 2015 WL 711057, at *3 (noting that the allegations in a similar complaint contained "deficiencies" that "raise[d] particular

5

concern in the context of [the] fraud-based claims, which [fell] far short of the detail required by Sixth Circuit precedent"); *Iqbal*, 556 U.S. at 678 (noting Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Clark v. Danek Med., Inc.*, 64 F. Supp. 2d 652, 656 (W.D. Ky. 1999) (denying the plaintiff leave to amend a fraudulent concealment claim that was based on "tangential" allegations).[3] Her fraud-based claims (Counts VIII and IX) should be dismissed.

### B. Plaintiff's Breach of Warranty Causes of Action Should Be Dismissed.

Plaintiff appears to concede that her implied warranty claim should be dismissed for lack of privity. But she argues that an exception to the privity requirement exists when the express warranty was made to the ultimate consumer. (Pl.'s Opp. at 21-22.) However, Plaintiff has not pled the existence of an express warranty, only that Bayer somehow warranted Mirena "to be safe." (Amend. Compl. at ¶ 222; Pl.'s Opp. at 23 (admitting that Plaintiff merely pled that "Bayer expressly warranted Mirena to be safe for Plaintiff and members of the public generally").) Thus, even if this exception were to apply, Plaintiff has not properly pled that Bayer made an express warranty to her. As a result, Plaintiff's breach of warranty claims (Counts V & VI) should be dismissed.

### C. Plaintiff's Negligent Misrepresentation Claim Fails as a Matter of Law.

In *Bland*, Judge Heyburn held that the tort of negligent misrepresentation does not encompass instances involving "a defective product and statements in [that product's] advertising and packaging." *Bland*, 2012 WL 524473, at *1-2; *see also Baird*, 2013 WL 5890253, at *3 (dismissing negligent misrepresentation claim because "[a]s noted by the

---

[3] Unlike the plaintiff in *In re Darvocet, Darvon & Propoxyphene Products Liability Litigation (Esposito)*, No. 2:11-md-2226-DCR, 2:11-175-DCR, 2012 WL 767595 (E.D. Ky. Mar. 7, 2012), Plaintiff here has not even provided the year in which the allegedly fraudulent conduct occurred. *Id.* at *8.

6

Supreme Court of Kentucky, the language of a negligent representation claim 'is poorly suited to a product sale' . . . there are no Kentucky cases recognizing a negligent misrepresentation claim based on a defective product and statements in its advertising and packaging"); *id.* at *4 (declining to extend a cause of action for negligent misrepresentation beyond the limits set by Kentucky law); *Barnes v. Philip Morris, Inc.*, No. CIV.A. 98-106, 1999 WL 34813784, at *3 (E.D. Ky. Mar. 24, 1999) (dismissing negligent misrepresentation claim and noting that "the Court cannot locate any authority to support a conclusion that a Kentucky court would recognize the tort of negligent misrepresentation in a products liability case involving a consumer transaction").

Nevertheless, Plaintiff argues that the Kentucky Supreme Court's ruling in *Giddings & Lewis v. Industrial Risk,* 348 S.W.3d 729 (Ky. 2011) somehow opens the door for her to bring a negligent misrepresentation claim here. (Pl.'s Opp. at 23.) It does not. Judge Heyburn already addressed *Giddings* and held that Kentucky courts do not recognize "a negligent misrepresentation claim based on a defective product and statements in its advertising and packaging," and therefore "decline[d] any invitation to extend the negligent misrepresentation cause of action beyond its present limits set by the Kentucky Supreme Court." *Bland*, 2012 WL 524473, at *1-2.

Finally, Plaintiff's reliance on *Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*, 536 F. App'x 558 (6th Cir. 2013) is misguided. *Morris Aviation* involved "sales negotiations" about the quality and reliability of airplane engines. *Id.* at 560. The case involved product "sale"—*i.e.* a business transaction—and was not a personal injury products liability suit based on an allegedly defective product and alleged statements in the product's FDA-approved label. *Id.*; *see also Giddings & Lewis, Inc. v. Indus. Risk Insurers*, 348 S.W.3d 729, 734 (Ky. 2011) (setting forth the facts in a case that did not involve personal injury).

Plaintiff's negligent misrepresentation claim (Count VII) should be dismissed.

### D. Plaintiff Should Not Be Granted Leave to Amend.

Plaintiff recognizes that she must seek leave of Court to amend her Amended Complaint, but fails to describe the proposed amendment she requests in the alternative. (*See* Pl.'s Opp. at 24-25); *see also* FED. R. CIV. P. 15(a)(2). Plaintiff offers no facts that she would add to cure the numerous deficiencies in the Amended Complaint. (Pl.'s Opp. at 24-25.) The Sixth Circuit has consistently affirmed district courts' denials of leave to amend when, as here, the plaintiff includes the motion in a response to a 12(b)(6) motion and fails to offer facts to support the requested amendment. *See, e.g.*, *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 783-84 (6th Cir. 2000) ("What plaintiffs may have stated, almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is [] not a motion to amend."); *Evans v. Pearson Enters.*, 434 F.3d 839, 853-54 (6th Cir. 2003) (holding that a motion to amend that did not provide the grounds for relief or contain a proposed amended complaint failed for lack of particularity). Because Plaintiff has not asserted a single factual allegation that she would include in a *second* amended complaint, her request for leave to amend should be denied.

**III.** **CONCLUSION**

For the foregoing reasons, Bayer respectfully requests that the Court enter an Order granting its Motion to Dismiss.

451307 v1

Dated:  April 2, 2015.                              Respectfully submitted,


                                            By:  */s/ Darryl Lavery*
                                                Darryl Lavery
                                                BOEHL, STOPHER & GRAVES, LLP
                                                400 West Market Street, Suite 2300
                                                Louisville, Kentucky 40202
                                                (P): 502.589.5980
                                                (F): 502.561.9400

                                                *Attorney for Defendant Bayer HealthCare Pharmaceuticals Inc.*

451307 v1

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 2nd day of April 2015, a copy of Defendant Bayer HealthCare Pharmaceuticals Inc.'s Reply in Support of Its Motion to Dismiss was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

Lawrence L. Jones II
A. Layne Stackhouse
Jones Ward PLC
Marion E. Taylor Building
312 South Fourth Street, Sixth Floor
Louisville, Kentucky 40202
larry@jonesward.com
layne@jonesward.com

*Attorneys for Plaintiff*

                                                  */s/ Darryl Lavery*
                                                  Darryl Lavery