**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:14-CV-398-TBR**


DECORA L. MARTIN                                                                        Plaintiff,

v.

BAYER HEALTHCARE PHARMACEUTICALS, INC.,
BAYER PHARMA AG, and BAYER OY                                             Defendants.


**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon the Motion to Dismiss filed by Defendant Bayer Healthcare Pharmaceuticals, Inc. ("Bayer"). (Docket No. 56). Plaintiff Decora L. Martin has responded, (Docket No. 58), and Bayer has replied, (Docket No. 59). Fully briefed, this matter stands ripe for adjudication. For the reasons set forth below, the Court will **GRANT IN PART and DENY IN PART** Bayer's Motion to Dismiss.

**Factual Background**

Plaintiff DeCora Martin is a 24-year-old woman seeking to recover damages for injuries she alleges were caused by Mirena, a birth control device manufactured by the Defendant. (Docket No. 53). Mirena is an interuterine system that is inserted into the uterus by a healthcare practitioner during an office visit. Mirena is a t-shaped polyethylene frame with a steroid resovoir that releases levonorgestrel, a prescription medication used as a contraceptive. Mirena is also approved for treatment of heavy menstrual bleeding.

The Amended Complaint alleges that on or around April 2, 2012, Martin's Mirena was inserted by Dr. Richard Oliphant at the Louisville Physicians for Women in Louisville, Kentucky. (Docket No. 53 at ¶ 170). Within a month, Plaintiff began experiencing severe headaches localized behind her eyes, and nausea associated with the headaches. She was diagnosed with optic disc edema with mild hemorrhaging.

1

On or about May 16, 2012, Martin was diagnosed with pseudotumor cerebri. (Docket No. 53 at ¶ 178). According to Plaintiff, pseudotumor cerebri, or idiopathic intracranial hypertension ("IIH/PTC"), is a condition that develops in the skull when a person's cerebrospinal fluid becomes elevated, causing increased pressure. Patients with IIH/PTC typically develop symptoms of severe migraines or migraine-like headaches with blurred vision, diplopia (double vision), temporary blindness, blind spots, or other visual deficiencies. Further, they often develop papilledema, or optic disc swelling due to increased intracranial pressure. If not correctly diagnosed and treated, IIH/PTC may cause permanent vision loss and blindness. Although it is considered reversible in some patients, it may take years before normal pressure is maintained and can sometimes be irreversible. Thus far, Martin's condition has been treated with lumbar punctures and medications. She had her Mirena removed by Dr. Stephen Lebder at Louisville OB/GYN on August 19, 2013. (Docket No. 53 at ¶ 181). Plaintiff claims that her IIH/PTC was "caused and/or triggered by her Mirena, and/or her Mirena contributed to Plaintiff's development of IIH/PTC." (Docket No. 53 at ¶ 183).

On April 30, 2015, Martin filed her Second Amended Complaint, asserting claims against Bayer for negligence, design defect, strict liability, breach of implied and express warranties, negligent and fraudulent misrepresentation, and fraud by suppression and concealment. (Docket No. 53). She contends that levonorgestrel "causes or contributes to the development of PTC/IIH, increases the risk of developing PTC/IIH, and/or worsens or exacerbates PTC/IIH" and that Bayer concealed its knowledge of these defects. (Docket No. 53 at ¶ 64). According to Martin, Mirena's label and patient information booklet fail to warn users of this "known link" between the device and these conditions. (Docket No. 53 at ¶ 39). She further argues that despite medical literature reflecting a need for additional research, Bayer failed to conduct clinical tests investigating this purported connection. (Docket No. 53 at ¶ 42). Finally, she points to Bayer's "Mirena Simple Style Statements Program," consumer-directed live presentations directed toward "busy moms." (Docket No. 53 at ¶ 164). According to Babich-Zacharias, the Simple Style script omitted information regarding serious risks associated with using Mirena.

**Legal Standard**

The Federal Rules of Civil Procedure require that pleadings, including complaints, contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint may be attacked for failure "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court will presume that all the factual allegations in the complaint are true and will draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield,* 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf,* 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted). Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). That is, a complaint must contain enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly,* 550 U.S. at 556). If, from the well-pleaded facts, the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

Moreover, a plaintiff alleging negligent misrepresentation under Kentucky law must adhere to the heightened pleading standard articulated by Federal Rule of Civil Procedure 9(b), which is "designed to

prevent 'fishing expeditions,' to protect defendants' reputations from allegations of fraud, and to narrow potentially wide-ranging discovery to relevant matters.'" *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 4677 (6th Cir. 2011) (citing *United States ex rel. SNAPP, Inc. v. Ford Motor Company*, 532 F.3d 496, 504 (6th Cir. 2008)).  The Sixth Circuit has acknowledged a lack of clarity regarding the pleading standard that applies to negligent misrepresentation claims, point to a circuit split among federal courts of appeals as to this issue. *See Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 247 (6th Cir. 2012). Looking to Sixth Circuit precedent, though, *Republic Bank* advised that "[w]hether a state-law claim sounds in fraud, and so triggers Rule 9(b)'s heightened standard, is a matter of substantive state law, on which we must defer to the state courts." *Id.*  Because Kentucky law "holds parties pleading negligent misrepresentation to Kentucky's version of Rule 9(b)," a plaintiff's negligent misrepresentation claim must satisfy this higher standard to survive dismissal. *Id.* at 248.  *See also Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*, 536 Fed. App'x 558, 562 (6th Cir. 2013) (also applying the Rule 9(b) standard to negligent misrepresentation claims).

## Analysis

Bayer now moves to dismiss Babich-Zacharias's claims for breach of implied warranty and negligent misrepresentation.  (Docket No. 56).  The Court will address each in turn.

### I.     The Court will grant Bayer's motion to dismiss the claim for breach of implied warranty.

Bayer argues that Martin's claim for breach of implied warranty fails as a matter of law, as no privity of contract existed between the parties.  The Court agrees.  "Under Kentucky law, privity of contract is an essential element for breach of warranty." *Allen v. Abbott Labs.*, No. 11-146-DLB, 2012 WL 10508 (E.D. Ky. Jan. 3, 2012).  Martin does not contest this principle, nor does she allege that she purchased Mirena directly from Bayer.   Therefore, the Court will grant Bayer's motion to dismiss this claim.

### II.     The Court will permit Martin's negligent misrepresentation claim to proceed.

Finally, the Court turns to Martin's negligent misrepresentation claim.  According to Bayer, the scope of this tort does not encompass circumstances involving advertising and packaging associated with

a defective product.  Bayer's argument is not without basis.  *Bland v. Abbott Labs., Inc.*, addressed a

negligent misrepresentation claim based on marketing and packaging materials associated with the

defendant's product.  No. 3:11-CV-430-H, 2012 WL 524473, at *1 (W.D. Ky. Feb. 16, 2012).  The Court

observed that the Kentucky Supreme Court had adopted Section 552 of the Restatement (Second) of

Torts.  *Id.* (citing *Presnell Construction Managers, Inc. v. EH Construction, LLC*, 134 S.W.3d 575 (Ky.

2004)).  This Section provides, in pertinent part:

> One who, in the course of his business, profession or employment, or in any other
> transaction in which he has a pecuniary interest, supplies false information for the
> guidance of others in their business transactions, is subject to liability for pecuniary loss
> caused to them by their justifiable reliance upon the information, if he fails to exercise
> reasonable care or competence in obtaining or communication the information.

*Giddings*, 348 S.W.3d at 744-45 (quoting Restatement (Second) of Torts § 552 (1977).)  Looking to

Section 252, Judge Heyburn dismissed the plaintiffs' claim.  *See Bland*, 2012 WL 524473, at *2 ("[T]he

true injury in [products liability cases] is 'the failure of the product to function properly,' not reliance on

false information.") (quoting *Giddings*, 348 S.W.3d at 745)).

Despite Bayer's reliance upon *Bland* and similar cases, more recent precedent reflects that a

different section of the Restatement now governs.  In *Morris Aviation, LLC v. Diamond Aircraft Indus.,

Inc.*, the Sixth Circuit pointed to *Giddings*' acknowledgement of Section 9 of the Restatement (Third) of

Torts:  Products Liability, which provides:

> One engaged in the business of selling or otherwise distributing products who, in
> connection with the sale of a product, makes a fraudulent, negligent, or innocent
> misrepresentation of material fact concerning the product is subject to liability for harm
> to person or property caused by the misrepresentation.

536 Fed. App'x 558, 567-68 (6th Cir. 2013) (quoting *Giddings*, 348 S.W.3d at 736 n. 11).  Accordingly,

Kentucky law now provides for negligent misrepresentation claims associated with the sale of a product.

Because Section 9 applies to Martin's claim, the *Bland* reasoning does not compel its dismissal.

The Sixth Circuit also noted that "the negligent- and fraudulent-misrepresentation torts are

parallel, and both must relate to misrepresentations of 'material fact.'"  *Id.* at 568.  Martin has adequately

alleged that Bayer made affirmative false statements with regard to Mirena.  Therefore, her claim survives

Bayer's motion. *Accord Stanley v. Bayer Healthcare Pharmaceuticals, Inc., et al.*, No. 3:15-cv-00230-JHM, 2015 WL 4511973 at *2-3 (allowing another Mirena plaintiff's claim to proceed for these reasons). *But see Baird v. Bayer Healthcare Pharmaceuticals, Inc.*, No. 6:13-077-DCR, 2013 WL 5890253 at *3-4 (E.D. Ky. Oct. 31, 2013) (relying upon *Bland* to dismiss a Mirena plaintiff's negligent misrepresentation claim).

### Conclusion and Order

For the reasons set forth above, IT IS HEREBY ORDERED that the Defendant Bayer Healthcare Pharmaceuticals, Inc.'s Motion to Dismiss, (Docket No. 56), is **GRANTED IN PART and DENIED IN PART**.  Martin's breach of implied warranty claim is hereby DISMISSED.  Her claim for negligent misrepresentation may proceed.

Further, the Defendant filed a Motion to Dismiss, (Docket No. 36), prior to the filing of Plaintiff's Second Amended Complaint.  Thus, that Motion will be **DENIED AS MOOT**.